IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUAR STOKES,<br><br>            Petitioner,<br><br>   v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS,<br><br>            Respondent. | Civil Action<br><br>No. 20-2906 (NLH)<br><br>OPINION |

APPEARANCES:

Jacquar Stokes
824841
1001 Sterigere Street
Norristown, PA 19401-5391

    Petitioner pro se

Scott A. Coffina, Burlington County Prosecutor
Jennifer L. Bentzel, Assistant Prosecutor
Burlington County Prosecutor's Office
New Courts Facility
49 Rancocas Road
Mount Holly, New Jersey 08060

    Attorneys for Respondent

HILLMAN, District Judge:

I.    INTRODUCTION

    Jacquar Stokes moves for summary judgment on his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. ECF No. 15. Respondent New Jersey Department of Corrections

opposes the petition and motion. ECF Nos. 16-17. For the reasons below, the Court will dismiss the petition and motion.

II. BACKGROUND

The facts of Petitioner's arrest were recounted below and this Court, affording the state court's factual determinations the appropriate deference, 28 U.S.C. § 2254(e)(1), reproduces the recitation of the facts as set forth by the New Jersey Superior Court Appellate Division in its opinion denying Petitioner's post-conviction relief ("PCR") appeal:

> On January 12, 2003, a police officer asked defendant's permission to search him for weapons, after observing defendant react suspiciously upon seeing the officer. Defendant fled but the officer caught him. Defendant was searched and found with a semi-automatic handgun and four bags of crack cocaine.
>
> On February 24, 2003, the Mount Holly police responded to a report of a stabbing at a residence on Grant Street. The officers found the victim, Ernest Greene (Greene), lying on the steps of the residence. Attempts to save Greene's life were unsuccessful. An eyewitnesses [sic] told the officers that he saw defendant stab Greene in the neck. Another eyewitness said that he saw defendant argue with Greene before the stabbing.
>
> About fifteen minutes later, the police found defendant. They arrested him and returned him to the crime scene, where the two eyewitnesses identified him as the person who stabbed Greene. The officers transported defendant to the Mt. Holly Police Department. The officers continued their investigation. Four other persons identified defendant as the individual who stabbed Greene.

State v. Stokes, No. A-4355-10, 2012 WL 2327784, at *1 (N.J. Super. Ct. App. Div. June 20, 2012). Petitioner alleges the

arresting officer never filed an arrest report or probable cause statement and that the officer who did file a probable cause statement did not implicate him in the crime.  ECF No. 1 at 6.  Petitioner eventually pled guilty to first-degree aggravated manslaughter, N.J.S.A. § 2C:11-4(a)(1), and third-degree resisting arrest, N.J.S.A. § 2C:29-2(a)(3).  Stokes, 2012 WL 2327784, at *1-2.[1]  He received an 18-year sentence that was subject to New Jersey's No Early Release Act.  Id. at *2.

On June 26, 2013, Petitioner filed a habeas corpus petition under 28 U.S.C. § 2254 in this District challenging his convictions and sentence.  Stokes v. Lagana, No. 13-4337, 2016 WL 5329589 (D.N.J. Sept. 22, 2016).  The Honorable Jerome B. Simandle dismissed the petition as untimely on September 22, 2016 but gave Petitioner 30 days to file a statement in favor of equitable tolling.  Id.  Petitioner did not file a statement.

Petitioner maxed out on his sentence on June 9, 2018 and was arrested on November 27, 2019 by the New Jersey State Parole Board ("Parole Board") allegedly without a warrant.  ECF No. 1 at 6.  This § 2254 petition was filed on March 16, 2020.

---

[1] Petitioner was originally indicted on a murder charge that was reduced to aggravated manslaughter in exchange for his guilty plea.

III. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody, pursuant to the judgment of a state court, "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

With respect to any claim adjudicated on the merits by a state court, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). "[A] state-court decision is an unreasonable application of clearly established [Supreme Court] precedent if it correctly

4

identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." White v. Woodall, 134 S. Ct. 1697, 1706, reh'g denied, 134 S. Ct. 2835 (2014).

IV. ANALYSIS

A.   Jurisdiction

Although not addressed by either party, the Court lacks jurisdiction over the § 2254 petition to the extent it challenges Petitioner's 2005 convictions and sentence. Petitioner challenged these convictions in his prior § 2254 proceeding, and Petitioner took no action to challenge the dismissal of that petition.  Where a petition raises a claim that was or could have been raised in an earlier habeas petition decided on the merits, that claim clearly is "second or successive."  Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005) (citing McCleskey v. Zant, 499 U.S. 467, 493-95 (1991); Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir.1992)).  There is no indication that Petitioner received permission from the Third Circuit to file a second or successive petition challenging his convictions, and this Court lacks jurisdiction absent an order from the Third Circuit.  The Court declines to transfer the claims to the Third Circuit for review because the petition would once again be time barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  See 28 U.S.C. § 1631

5

(permitting courts to transfer an action to a court in which it could have been properly filed).

Even if this Court had jurisdiction over the challenges to Petitioner's convictions and sentence, they would be dismissed as time barred.  In dismissing Petitioner's first § 2254 petition as untimely, Judge Simandle noted "[t]he judgments of convictions were entered on March 11, 2005.  Petitioner did not file a direct appeal; therefore his convictions became final after the expiration of the period in which he could have filed a timely appeal: April 25, 2005.  AEDPA's one-year statute of limitations therefore expired on April 25, 2006, well before this petition was filed in July 2013."  Stokes v. Lagana, No. 13-4337, 2016 WL 5329589, at *6 (D.N.J. Sept. 22, 2016) (internal citations omitted).  Judge Simandle further concluded that the statutory tolling provision of 28 U.S.C. § 2244(d)(2) did not help Petitioner "because AEDPA's statute of limitations expired prior to the filing of his PCR petition on September 12, 2008."  Id.  This reasoning equally applies to the claims Petitioner attempts to raise in his current challenge to his convictions and sentence.  Petitioner's argument that a challenge to a court's jurisdiction may happen at any time does not supersede § 2254's express limitation on the time a state prisoner may file a challenge to his or her state court conviction.

6

B.   Exhaustion

Respondent argues the petition should be dismissed as unexhausted to the extent it challenges Petitioner's arrest for violation of parole.  "Petitioner has not, to the State's knowledge, sought any court review of the propriety of what appears to be a parole violation charge.  It is impossible for this Honorable Court to consider, let alone conclude, that the New Jersey State courts have rendered any decisions on the merits of this claim."  ECF No. 16 at 31.  Petitioner asserts that he may challenge a court's jurisdiction at any time and "that he cannot be compelled to exhaust state remedies for an offense that he was never charged with."  ECF No. 18 at 3.

Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Petitioner submits a copy of a parole

7

warrant dated May 2, 2020. ECF No. 19 at 4. He asserts the state courts "won't entertain my petitions. They have abstained" and that he did not challenge this arrest in a direct appeal or PCR petition because "this is a new claim under a new ind. No. MPSV-03-07-01043-I." ECF No. 1 at 8.

The fact that this is a new claim does not excuse Petitioner from the exhaustion requirement. The challenge to the parole arrest would be filed separately from any challenge to the 2005 convictions since they would be two separate state court orders. See 28 U.S.C. § 2254 Rule 2(e); see also McKnight v. United States, 27 F. Supp. 3d 575, 578 (D.N.J. 2014) ("No habeas petitioner can challenge different determinations in a single action."). It is not Petitioner's failure to challenge his parole revocation in 2005 or in 2013 that makes this claim unexhausted but his failure to challenge it in 2019.

Prisoners in New Jersey may appeal the revocation of parole to the New Jersey Appellate Division. N.J. Ct. R. 2:2-3(a)(2). Petitioner cursorily states the courts abstained from his petition but does not indicate where or when he challenged the parole warrant in state court. His main argument seems to be that he cannot be arrested on a charge of violating parole when his convictions were invalid from the beginning, but this is an argument that

8

needed to be filed in state court before filing a federal habeas corpus petition. Accordingly, this claim will be dismissed as unexhausted.

C. Motion for Summary Judgment

Petitioner files a motion for summary judgment, asserting that "there is no dispute regarding Petitioner's claim that the affidavit of probable cause [leading to his 2005 charges] . . . fails to mention him as the suspect who committed the crime alleged . . . and Respondent New Jersey Attorney General has filed no answer." ECF No. 15 at 2.

The motion seeks summary judgment on a claim over which the Court lacks jurisdiction because it is barred by AEDPA's restrictions on second or successive § 2254 petitions. Alternatively, the claim for which Petitioner seeks summary judgment is dismissed as time barred. In either scenario, the Court need not reach the merits of the summary judgment motion and will dismiss it.

D. Certificate of Appealability

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in Slack v. McDaniel that "[w]hen the

9

district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  529 U.S. 473, 484 (2000).

This Court will deny a certificate of appealability because jurists of reason would not find it debatable that the petition is dismissible as a second or successive § 2254 petition, or is time barred and is unexhausted.

V.  CONCLUSION

For the reasons stated above, the challenge to Petitioner's state convictions and sentence shall be dismissed as an unauthorized second or successive habeas petition, or in the alternative it is untimely.  The Court will dismiss the claim regarding the parole violation arrest as unexhausted and will deny a certificate of appealability.  The motion for summary judgment will be dismissed.

An appropriate Order will be entered.

| | |
|---|---|
| _May 12, 2021_ | _s/ Noel L. Hillman_ |
| Date | NOEL L. HLLMAN |
| | U.S. District Judge |

10